# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>JAMES W A GORMAN-LYKKEN,<br><br>Appellant. | No. 56378-9-II<br><br>UNPUBLISHED OPINION |

MAXA, J. – James Gorman-Lykken appeals his residential burglary conviction, claiming insufficiency of evidence. His conviction arose from an incident in which he kicked in the door to Haley Wooldridge and Martin Trutanich's apartment and entered their apartment.

We hold that sufficient evidence supports the trial court's conclusion after a bench trial that Gorman-Lykken committed residential burglary. Accordingly, we affirm Gorman-Lykken's conviction.

### FACTS

Wooldridge and Trutanich's apartment is located on the top floor of an old Victorian house turned into an apartment building. Visible through their living room window are the couple's possessions, including their big-screen television and gaming consoles.

On the morning of May 20, 2021, Wooldridge was awakened by a loud noise. When she walked into her living room, she observed a kicked-in front door and Gorman-Lykken standing

in the living room next to her television. Wooldridge alerted Trutanich that an unknown person was inside of their apartment. Gorman-Lykken then fled the apartment.

Wooldridge called the police. The police located Gorman-Lykken a block from the apartment. Gorman-Lykken initially denied being at the apartment. But he later told officers that he heard someone yelling for help inside the apartment while he was walking on the sidewalk and kicked in the door to help.

The State charged Gorman-Lykken with residential burglary. Following a bench trial, the trial court concluded that Gorman-Lykken entered the apartment with intent to commit a crime against persons or property within. The court found Gorman-Lykken guilty as charged, and entered findings of fact stating the facts summarized above. Gorman-Lykken appeals his conviction.

ANALYSIS

Gorman-Lykken argues that the evidence was insufficient to support the trial court's conclusion that he entered the apartment with intent to commit a crime against persons or property in the apartment. We disagree.

The test for determining sufficiency of evidence is whether any rational trier of fact could find all the elements of the charged crime beyond a reasonable doubt after viewing the evidence in a light most favorable to the State. *State v. Dreewes*, 192 Wn.2d 812, 821, 432 P.3d 795 (2019). For a bench trial, "appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). Unchallenged findings of fact are verities on appeal. *Id.* at 106.

A person is guilty of residential burglary if the person enters or remains unlawfully in a dwelling "with intent to commit a crime against a person or property therein." RCW 9A.52.025. RCW 9A.52.040 states, "In any prosecution for burglary, *any person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein*, unless such entering or remaining shall be explained by evidence satisfactory to the trier of fact to have been made without such criminal intent." (Emphasis added).

After quoting RCW 9A.52.040, the trial court entered the following conclusion of law:

> Based upon the secluded nature of the apartment, the window that allowed observation of the living room and its contents, the manner in which entry was made into the apartment, and the Defendant being observed within close proximity to the living room TV, there is a reasonable inference that the Defendant had an intent to commit a crime against persons or property within the apartment.

Clerk's Papers at 53.

The facts stated in this conclusion were from the trial court's findings of fact. Gorman-Lykken does not challenge the court's findings of fact, and therefore they are verities. *Homan*, 181 Wn.2d at 105-06. These unchallenged findings support the trial court's inference – allowed under RCW 9A.52.040 – that Gorman-Lykken had the intent to commit a crime against persons or property inside the apartment. Therefore, we hold that sufficient evidence supports Gorman-Lykken's conviction.

## CONCLUSION

We affirm Gorman-Lykken's residential burglary conviction.

No. 56378-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

J., J.

GLASGOW, C.J.